### FIRE DEPARTMENT OF RICHMOND HILL v. DAVIES.

(Supreme Court, Special Term, Kings County. August 9, 1898.)

1. GREATER NEW YORK CHARTER — VOLUNTEER FIRE DEPARTMENT OF RICHMOND HILL—OFFICERS—SELECTION.

Village Law of Richmond Hill (Laws 1897, c. 414) provides that persons selected to be engineers in the volunteer fire department must be approved by the village trustees. Greater New York Charter (Laws 1897, c. 378) destroys such village as a corporation, but provides (section 722) that the paid fire department shall, as soon as practicable, be extended over the village, when such volunteer department shall be disbanded. Held, that

the intention being to preserve the volunteer fire department until the paid department was so extended, the taking away of the power of confirmation of officers selected did not abolish the right to select officers while the volunteer department continued.

**2. SAME—SUCCESSORS.**

Greater New York Charter (Laws 1897, c. 378), abolishing the village of Richmond Hill, and providing (section 1613) that all persons in office when the act takes effect shall remain until their successors have qualified, applies only to officers whose successors are provided for in the act.

Application by the fire department of Richmond Hill against John A. Davies, under General Corporation Law, § 27, to have the election of secretary of the corporation declared valid, and to require the respondent to deliver over corporation property in his possession. Respondent claimed that as the charter of Greater New York abolished the village of Richmond Hill, and there was no board of village trustees to confirm selections of officers of said corporation in April, 1898, the elections then held were a nullity, and therefore, under section 1613 of the charter, the officers in office on January 1, 1898, would continue in office until the paid fire department should be extended to Queens borough. Granted.

Sanders & Gray (Arthur M. Sanders, of counsel), for applicant.
E. D. Benedict, for respondent.

STOVER, J. This is an application to compel the respondent to deliver books and papers belonging to the corporation to officers of the corporation who are alleged to have succeeded him in office. Under the provisions of the village law (chapter 414 of the Laws of 1897) the several companies constituting the volunteer department of the village were entitled to elect delegates, and to choose the chief engineer and assistants, and also to elect a secretary of the corporation. Under the village law it is provided that the persons selected to be the chief and assistant engineers must be approved by the village board of trustees. By chapter 378 of the Laws of 1897 (Charter of Greater New York) the village of Richmond Hill is destroyed as a corporation, and hence there could be no trustees to approve the action of the council or of the nominating power. But the law at the same time provides (section 722) that the paid fire department shall, as soon as practicable, be extended over the boroughs of Queens and Richmond, and thereupon the present volunteer fire departments now maintained shall be disbanded; in the meantime, and until the said paid fire department shall be extended over said territory as herein provided, said volunteer fire companies shall continue to discharge the duties for which they have been incorporated. It will be seen that the object of the statute was to, as near as possible, preserve the status of the volunteer fire companies until the paid fire department should be extended; and in order to do that it is necessary that there should be engineers, assistants, and officers of the fire department corporation, as well as officers of the municipal corporation. There is no provision in the law for the appointment of an engineer or assistant engineer, except under the village law; and, as has been said, that requires the confirmation of the board of trustees. The statute must be construed, if possible, so as to accomplish the ob-

ject. which the legislature had in view, and to prevent mischief in the administration of the law. The anomalous situation was recognized by the legislature; and therefore, until the greater municipality should assume entire control of the fire department, it was intended that the volunteer department should remain, with all its duties, rights, and privileges, as it then existed, as far as possible. It did not intend to abolish the right of the volunteer companies to govern themselves within the limits of the law, nor to curtail any of the rights and privileges which they enjoyed under the old village laws. And, while it is true it has taken away the power of confirmation, it does not necessarily follow that the legislature intended that the right to choose and elect its officers should be abolished; but it seems to me a far more reasonable interpretation of the statute is that their rights were still to be exercised, and, as far as possible, preserved, and the confirming power, being one of limitation upon those rights, would be deemed to have been withdrawn, and the rights enlarged, rather than restricted, by the act in question. Having first said that you may select your officers subject to the confirmation of the council, and having abolished the confirming power, without in any manner abridging the right to elect, but expressly retaining the powers heretofore existing, it seems to me it is fair to say that the legislature intended that the election should be without the limitation which had before existed.

Some stress is laid upon the statute continuing the officers in office until their successors have qualified. This can only be said to apply to officers whose successors are provided for in the act itself. In the case of the secretary of the fire corporation, the paid department might never be extended to Queens county, and therefore the present incumbent would hold his office during life, for if it should be determined that it is not practicable to extend the paid fire department to the villages in Queens county, the present system would be continued; and, if the contention of the respondent is correct, the officers and persons holding positions in those departments now would never be retired from office, except voluntarily, and then there would be no provision for filling vacancies.

This, as I understand, is the only substantial question involved. The relator having been regularly elected, and, so far as within his power and that of the corporation, having complied with the law, he is entitled to hold the position of secretary, and to have the books and papers delivered over to him.